IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTOINE DeSHAWN BARNES,<br><br>    Petitioner,<br><br>    v.<br><br>KAMALA HARRIS, et al.,<br><br>    Respondents. | No.  2:22-CV-2175-TLN-DMC-P<br><br>FINDINGS AND RECOMMENDATIONS |

       Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus under 28 U.S.C. § 2254.  Pending before the Court is Petitioner's amended petition for a writ of habeas corpus, ECF No. 3.

       Rule 4 of the Federal Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."  In the instant case, it is plain that Petitioner is not entitled to federal habeas relief.

       Petitioner names as respondents President Joe Biden and Vice President Kamala Harris.  See ECF No. 3, pg. 1.  According to Petitioner, he was convicted in October 2020 of "false inmate assault" and "false resisting arrest."  Id. at 2.  For grounds for relief, Petitioner states that he is being targeted by President Biden and Vice President Harris for racial harassment and retaliation.  See id. at 3.  Petitioner also contends that President Biden and Vice President

1  Harris are making terrorist threats against him.  See id.  It appears that Petitioner wants President
2  Biden to sign a "True Thumbs Up Guy" law exonerating Petitioner.  See id. at 4.  Petitioner asks
3  that President Biden and Vice President Harris be summoned to the federal courthouse in
4  Sacramento, California, whereupon he will be released into White House custody.  See id.
5  Petitioner also seeks a payment of $800,000,000,000,000.00.  See id.   After filing the operative
6  amended petition in this case, Petitioner filed a supporting declaration reiterating his claims and
7  request for a payment of $800,000,000,000,000.00.  See ECF No. 9.

8  　　　　　Petitioner's claims, which appear on their face to be fanciful and frivolous, do not
9  relate to the legality of his underlying conviction.  Because Petitioner does not raise any
10  challenge to the fact or duration of his current incarceration, he fails to state a claim which is
11  cognizable under § 2254.  See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); see also Neal v.
12  Shimoda, 131 F.3d 818, 824 (9th Cir. 1997); Trimble v. City of Santa Rosa, 49 F.3d 583, 586
13  (9th Cir. 1995) (per curiam).

14  　　　　　Based on the foregoing, the undersigned recommends that Petitioner's amended
15  petition for a writ of habeas corpus, ECF No. 3, be summarily dismissed.

16  　　　　　These findings and recommendations are submitted to the United States District
17  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days
18  after being served with these findings and recommendations, any party may file written
19  objections with the court.  Responses to objections shall be filed within 14 days after service of
20  objections.  Failure to file objections within the specified time may waive the right to appeal.  See
21  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

22
23  Dated:  March 8, 2024
24  　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　DENNIS M. COTA
25  　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE
26
27
28